IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BRANDON ROY ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cv-02589-SHL-atc |
| ) | |
| DOMINIQUE TANSLEY, CATRINA ) | |
| CRABTREE and JOHN DOE CLERK OF ) | |
| COURT, Hawaii Second District Court, ) | |
| individually and in their official capacity, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**

Before the Court is Plaintiff Brandon Roy Robinson's Motion for Injunctive Relief, filed September 19, 2023.  (ECF No. 2.)  Defendants Dominique Tansley and Catrina Crabtree filed their response on September 21, 2023.  (ECF No. 16.)[1]  The Court held a hearing on the motion on September 22, 2023.  (ECF No. 20.)  For the reasons described below, the Motion is **GRANTED**.

## BACKGROUND

Robinson alleges that he and Defendant Catrina Crabtree share custody of the couple's two minor children, who, "[u]ntil recently . . . lived in Hawaii with their mother, but more recently . . . have resided with Plaintiff in Shelby County, Tennessee."  (ECF No. 2 at PageID 27.)  Robinson asserts that Crabtree, "her attorney Dominque Tansley, and the John Doe Clerk of Court have issued orders impacting Plaintiff's parental rights without Plaintiff first being served

---

[1] Although the record reflects that Robinson served the complaint on John Doe, Clerk of Court Second Judicial District (see ECF No. 15), no attorney has appeared on behalf of the Clerk of Court or responded to the motion.

in violation of his constitutionally protected due process rights." (Id.) To that end, Robinson seeks an immediate injunction to stay state court proceedings in Hawaii and/or Tennessee and to enjoin his arrest. (Id. at PageID 28.)

Robinson and Crabtree were divorced in Hawaii, and the Family Court of the Second Circuit of the State of Hawaii ("Hawaii Court") entered the divorce decree in December 2019. (ECF No. 13.) The decree included that the couple would exercise joint legal custody of their two daughters and that the Parties would arrange reasonable visitation. (Id. at PageID 44.) After the divorce, Robinson moved to Bartlett, Tennessee. (ECF No. 19 at PageID 189.) After the move, the Parties agreed that Robinson would have the children in Tennessee for the summer while they were out of school. (Id.)

On July 21, 2023, Robinson filed a Petition for Emergency Custody and for Injunctive Relief Pursuant to Tennessee Code Annotated § 36-6-219 ("Father's Petition") in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis ("Tennessee Court"). (ECF No. 16-1.) That petition alleged that the children would "suffer irreparable harm if the mother continues to disregard the[ir] safety and welfare." (Id. at PageID 81.) Robinson sought a temporary restraining order that would place the children in his temporary custody and prevent their removal from Shelby County. (Id. at PageID 83.)

A hearing was held on the petition July 28, 2023, and on August 11, 2023, the Tennessee Court entered an order finding that "there was sufficient evidence at this preliminary stage for the Court to assume emergency jurisdiction for the health, safety and protection of the parties['] two minor children" ("Tennessee Order I"). (ECF No. 16-2 at PageID 98−99.)

On August 3, 2023, between the hearing on the Father's Petition and the issuance of Tennessee Order I, Crabtree, acting through her attorney, filed an Emergency Motion for Return

2

of the Minor Children ("Mother's Motion") in the Hawaii Court. (ECF No. 16-3 at PageID 107.) The next day, Tansley called Robinson to inform him that a hearing on the Mother's Motion was scheduled for August 7, 2023, and to ask him to provide his email address, as there was not enough time to serve him. (ECF No. 19-1 at PageID 215.) Tansley then sent Robinson the Mother's Motion via email. (Id.)

The Hawaii Court held the August 7 hearing and Robinson did not appear. (ECF No. 16-3.) The same day, the court granted the Mother's Motion, finding "Hawaii has exclusive, continuing jurisdiction of the subject minor children pursuant to the provision of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA")" and ordering Robinson to return the children to Hawaii by August 9, 2023 ("Hawaii Order"). (Id.) To date, Robinson has not complied with the Hawaii Order. (ECF No. 16 at PageID 73.)

Given the conflicting state court orders, the Tennessee and Hawaii Courts held a conference regarding jurisdiction[2] on August 14, 2023. (Id. at PageID 74.) During the conference, counsel for Robinson raised the argument that he was not properly served with notice of the hearing on Mother's Motion. (ECF No. 16-4 at PageID 110.) In response, the judge from Hawaii stated that the Hawaii Order was "valid and not appealable." (Id.) After the conference, the Tennessee Court entered an order ("Tennessee Order II"), which found that "Hawaii has exclusive and continuing jurisdiction over this matter" and that, pursuant to the

---

[2] Tennessee Code Annotated section 36-6-219 provides that:

"A court of this state . . . upon being informed that a child custody proceeding has been commenced in, or a child-custody determination has been made by, a court of another state under a statute similar to this section shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order."

3

Hawaii Order, "the children shall be returned to Hawaii as Hawaii has continuing jurisdiction over this matter." (Id. at PageID 110.)

Crabtree then sought the assistance of the Tennessee Court in enforcing the Hawaii Order. (ECF No. 16 at PageID 74.) However, the Tennessee Court determined that it did not have jurisdiction to do so. (Id.) At the September 22 hearing before this Court, counsel for Crabtree represented that efforts were being pursued to register the Hawaii Order in Tennessee, which would allow for its enforcement here.

## ANALYSIS

Robinson seeks a preliminary injunction that stays the state court proceedings in Tennessee and Hawaii and enjoins his arrest. (ECF No. 2 at PageID 28.) Robinson asserts that he was deprived of his Fifth and Fourteenth Amendment rights because he was not properly served with notice of the hearing on the Mother's Motion before the issuance of the Hawaii Order. (Id. at PageID 27.)

There are four factors the Court must balance when assessing whether to issue extraordinary relief, here a preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction." Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp., 511 F.3d 535, 542 (6th Cir. 2007). The Court is not required to explicitly consider each of these factors if one is dispositive. Id. Because the Court finds that Robinson has shown a strong likelihood that he will succeed on the merits, the Court addresses only the first element. Although the party is not required to fully

prove its case at this stage, it must show "more than a mere possibility of success." Id. at 543 (cleaned up).

      Under both Hawaii and Tennessee's version of the UCCJEA,

> Notice required for the exercise of jurisdiction when a person is outside this state may be given in a manner prescribed by the law of this state for service of process or by the law of the state in which the service is made.  Notice must be given in a manner reasonably calculated to give actual notice, but may be by publication if other means are not effective.

Hawaii Rev. Stat. § 583A-108(a); Tenn. Code Ann. § 36-6-211(a).

      Defendants argue that Robinson was given notice "in a manner reasonably calculated to give actual notice," which is all that is required by the UCCJEA.  Courts are divided as to whether the first and second sentences of the UCCJEA as quoted are read together or disjunctively.  Some courts hold that service in accordance with the law of either state is acceptable, but the only requirement is to provide service "in a manner reasonably calculated to give actual notice."  See Cochran v. Forman, 312 So.3d 263, 265 (La. 2021) ("the statute is phrased in permissive terms, providing notice "**may** be given in a manner prescribed by the law of this state for service of process.") (emphasis in original);  Miller v. Mills, 64 So.3d 1023, 1027 (Miss. App. 2011) ("while it is mandatory to provide notice to an out of state parent 'in a manner reasonably calculated to give actual notice,' it is possible to provide such notice without complying with Louisiana's 'long-arm' statute."); Modica v. Roach, No. 1861, Sept. Term, 2017, 2018 WL 3602793, at *8 (Md. Ct. Spec. App. July 27, 2018) (holding email and text message to mother regarding hearing on ex parte motion constituted reasonable notice under the UCCJEA).

      Other courts interpret the statute to mean that a petitioner is required to comply with the process requirements of either state, but whichever option the petitioner chooses, they must give notice "in a manner reasonably calculated to give actual notice."  Livanos v. Livanos, 333 S.W.3d 868, 877 (Tx. Ct. App. 2010) ("[The UCCJEA] does not allow a petitioner to forego

5

strict compliance with Texas notice requirements as long as the method used is reasonably calculated to give actual notice to the respondent."); Ex Parte D.B., 975 So.2d 940, 954 (Ala. 2007) ("If the father's construction of [the UCCJEA] is correct, however, the first sentence of the statute is superfluous; that is, if the Nebraska legislature intended to allow any means of notice to suffice so long as actual notice is given, it would be meaningless to also authorize service of process in accordance with Nebraska law or with the law of the state in which the service is made.").

The Court agrees with the latter interpretation. "A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." Corley v. United States, 556 U.S. 303, 314 (2009) (quoting Hibbs v. Winn, 542 U.S. 88, 101 (2004)). Defendants' reading of the UCCJEA would mean that any method of service would be acceptable if it was reasonably calculated to give actual notice. There would be no need to look to the notice requirements of each state.

Not requiring compliance with one of the state's notice requirements is also at direct odds with the intention behind the addition of this section. Section 108 of the UCCJEA includes the following comment:

> This section authorizes notice and proof of service to be made by any method allowed by either the State which issues the notice or the State where the notice is received. This eliminates the need to specify the type of notice in the Act and therefore the provisions of Section 5 of the UCCJA which specified how notice was to be accomplished were eliminated. **The change reflects an approach in this Act to use local law to determine many procedural issues.** Thus, service by facsimile is permissible if allowed by local rule in either State. In addition, where special service or notice rules are available for some procedures, in either jurisdiction, they could be utilized under this Act. For example, if a case involves domestic violence and the statute of either State would authorize notice to be served by a peace officer, such service could be used under this Act.

(emphasis added).  Defendants' reading of the UCCJEA would undermine the use of local law, rather than promote it.

Here, Tansley emailed Robinson the notice of the Hawaii hearing on August 4, 2023, and he did receive that email.  (ECF No. 19-1 at PageID 215.)  However, because neither Hawaii nor Tennessee recognizes email as a means of proper service, Hi R. Civ. P. 4; Tenn. R. Civ. P. 4.04, notice was not proper under the UCCJEA.  Hawaii Rev. Stat. § 583A-108(a); Tenn. Code Ann. § 36-6-211(a).  As a result, Robinson's argument that his constitutional rights were violated because the Hawaii Order was entered without proper service is likely to succeed.

Under 28 U.S.C. § 2283, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  Here, Robinson alleges that the Hawaii Order violates 42 U.S.C. § 1983 because it was entered without him receiving proper notice, violating his constitutional rights.  Section 1983 falls within the "expressly authorized" exception of 28 U.S.C. § 2283.  Mitchum v. Foster, 407 U.S. 225, 242 (1972).  Thus, federal courts can enjoin a state proceeding "to protect the people from unconstitutional action under color of state law, 'whether that action be executive, legislative, or judicial.'"  Id.  Here, the unconstitutional action occurred when Hawaii issued its order without proper notice to him.

As a result, the Court hereby **STAYS** the enforcement of the Hawaii Order against Robinson.  Notably, this Order should not be construed as staying the proceedings as a whole.[3]

---

[3] This Court takes no position on the substantive decisions of the Hawaii or Tennessee courts.  The Court is simply instructing that, for an order to be enforceable against Robinson, he must be notified in accordance with the UCCJEA.

## **CONCLUSION**

The Court finds that Robinson's Fifth and Fourteenth Amendment claims are likely to succeed on the merits, therefore his Motion for Injunctive Relief is **GRANTED**. This Preliminary Injunction shall remain in effect until a final order is entered in this case unless dissolved sooner by order of this Court.

**IT IS SO ORDERED,** this 10th day of October, 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
