IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BRANDON ROY ROBINSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-2589-SHL-atc |
| | ) | |
| DOMINIQUE TANSLEY, et al., | ) | |
|     Defendants. | ) | |

**ORDER GRANTING MOTION TO SET ASIDE DEFAULT**

Before the Court is Defendant Misty Becker's ("Ms. Becker") Motion to Set Aside Default, filed February 27, 2024. (ECF No. 78.) On March 5, 2024, Plaintiff Brandon Roy Robinson filed a response. (ECF No. 84.) For the reasons described below, Becker's motion is **GRANTED**.

On January 24, 2024, Robinson filed his Second Amended Complaint, which added Ms. Becker as a defendant. (ECF No. 55.) Ms. Becker was served with the Second Amended Complaint on January 29, 2024. (ECF No. 60.) As a result, her responsive pleading was due on February 20, 2024.

On February 16, 2024, Ms. Becker attempted to file her answer, however at that time she had not practiced in federal court for eighteen years and needed to have her CM/ECF credentials mailed to her. (ECF No. 78 at PageID 700.) In order to ensure her answer was filed on time, she had her husband, James Becker ("Mr. Becker") file the answer using his CM/ECF account. (Id. at PageID 701.)

On February 20, 2024, the Clerk entered a deficiency notice which stated:

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 65 Answer to Amended Complaint filed by Misty Becker has been filed. However, the following deficiency has been found: Document is electronically signed by

>   defendant Misty Becker, not attorney James Becker (who submitted the answer). If James Becker is representing Misty Becker, he must publish a notice of appearance for this defendant. Please refer to the ECF User Manual and ECF Policies and Procedures. The filer has one business day to correct the deficiency.

(ECF No. 66.)

Mr. Becker contacted the Clerk's office to see what action needed to be taken to address the deficiency notice. (ECF No. 78-1 at PageID 704.) The Clerk's office responded that Ms. Becker's deficient answer would be sealed from public view and that she would need to submit her answer when she received her login credentials. (ECF No. 78 at PageID 701.)

On February 23, 2024, Robinson filed a Motion for Entry of Default and the Clerk entered default shortly thereafter. (ECF Nos. 70, 72.) The same day, Ms. Becker received her login credentials and promptly filed her answer. (ECF Nos. 73, 78 at PageID 701.)

Under Federal Rule of Civil Procedure 55(c), a court may set aside a default upon a showing of "good cause." Fed. R. Civ. P. 55(c); United States v. $22,050.00 U.S. Currency, 595 F.3d 318, 324 (6th Cir. 2010). A district court has "considerable latitude" to set aside a default under this standard. O.J. Distrib., Inc. v. Hornell Brewing Co., Inc., 340 F.3d 345, 353 (6th Cir. 2003) (citation omitted). To determine whether good cause exists, courts consider "'whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense . . . [is] meritorious.'" Dassault Systemes, SA v. Childress, 663 F.3d 832, 838–39 (6th Cir. 2011) (quoting United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 844 (6th Cir. 1983)).

First, the default was not willful because Ms. Becker attempted to timely answer the complaint. Second, Plaintiff will not be prejudiced if default is set aside because it will not cause any delay in the case. Finally, Ms. Becker has meritorious defenses including the fact that she is not a licensed attorney in Hawaii where the events giving rise to this litigation occurred.

Because all of the factors weigh in favor of setting aside the entry of default, Ms.

Becker's motion is **GRANTED**.  The Clerk is **DIRECTED** to set aside the entry of default against Ms. Becker.

    **IT IS SO ORDERED,** this 11th day of March, 2024.

                                              s/ Sheryl H. Lipman
                                              SHERYL H. LIPMAN
                                              CHIEF UNITED STATES DISTRICT JUDGE